IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| TEENA YVONNE PAXTON,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Civil Action No. 1:15cv00044<br>) |
| CAROLYN W. COLVIN,<br>  Acting Commissioner of<br>  Social Security,<br>    Defendant | )   **MEMORANDUM OPINION**<br>)<br>)<br>)<br>)   BY: PAMELA MEADE SARGENT<br>)   United States Magistrate Judge |

Plaintiff, Teena Yvonne Paxton, ("Paxton"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), determining that she was not eligible for disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423 (West 2011). Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge by transfer based on consent of the parties pursuant to 28 U.S.C. § 636(c)(1). Oral argument has been requested by plaintiff's counsel. Based on the undersigned's decision to remand this claim for further development, I find that argument from plaintiff's counsel is not warranted.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as

-1-

"evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "'substantial evidence.'"'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

The record shows that Paxton protectively filed an application for DIB on July 3, 2007, alleging disability as of December 15, 2001, due to limited use of her arms with loss of range of motion and strength; carpal tunnel syndrome; post-traumatic stress disorder; diabetes; sleep disorder; neuropathy; hip and back pain; hypertension; arthritis; panic attacks; and concentration and memory loss. (Record, ("R."), at 125-26, 173, 183-84, 197.) The claim was denied initially and on reconsideration. (R. at 74-78, 80, 82-84, 86-88, 579.) Paxton then requested a hearing before an administrative law judge, ("ALJ"). (R. at 89-90.) A hearing was held on December 29, 2009, (R. at 27-71), and by decision dated February 26, 2010, the ALJ denied Paxton's claim. (R. at 16-22.) This denial was appealed, and

the Appeals Council denied Paxton's request for review. (R. at 1-3, 11.) Paxton then filed an action in this court seeking review of the ALJ's unfavorable decision.

By Opinion and Order entered July 23, 2012, in Case No. 1:11cv00070, U.S. District Judge James P. Jones remanded Paxton's claim to the Commissioner based on his finding that the ALJ's decision that Paxton did not suffer from a severe mental impairment was not supported by substantial evidence. In particular, Judge Jones ruled that the ALJ had not properly analyzed all of the evidence of record regarding Paxton's alleged mental impairment and had not sufficiently explained the weight given to it.

On remand, a video hearing was held before an ALJ on May 14, 2013. (R. at 614-44.) A supplemental hearing was held on August 13, 2013, to allow the testimony of a psychological expert. (R. at 599-613.) By decision dated August 27, 2013, the ALJ again denied Paxton's claim. (R. at 579-91.) The ALJ found that Paxton met the nondisability insured status requirements of the Act for DIB purposes through December 31, 2003.[1] (R. at 580, 582.) The ALJ also found that Paxton had not engaged in substantial gainful activity since her alleged onset date of December 15, 2001. (R. at 582.) The ALJ found that the medical evidence established that Paxton suffered from severe impairments, namely a back disorder and diabetes mellitus, but he found that Paxton did not have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R.

---

[1] Therefore, Paxton must show that she became disabled between December 15, 2001, the alleged onset date, and December 31, 2003, the date she was last insured, in order to be entitled to DIB benefits.

-3-

Part 404, Subpart P, Appendix 1. (R. at 582-87.) The ALJ found that Paxton had the residual functional capacity to perform sedentary work[2] that required only occasionally lifting over the shoulder with her left arm and no exposure to hazards or moving machinery. (R. at 587-89.) The ALJ found that Paxton was unable to perform any of her past relevant work. (R. at 589.) Based on Paxton's age, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ found that jobs existed in significant numbers in the national economy that Paxton could perform, including jobs as a receptionist, an appointment clerk and an order clerk. (R. at 590-91.) Thus, the ALJ found that Paxton was not under a disability as defined by the Act and was not eligible for DIB benefits. (R. at 591.) *See* 20 C.F.R. § 404.1520(g) (2015).

After the ALJ issued her decision, Paxton pursued her administrative appeals, (R. at 570-71), but the Appeals Council denied her request for review. (R. at 558-61.) Paxton then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981 (2015). The case is before this court on Paxton's motion for summary judgment filed January 25, 2016, and the Commissioner's motion for summary judgment filed February 24, 2016.

Paxton argues that the ALJ erred in his weighing of the medical evidence.

---

[2] Sedentary work involves lifting items weighing up to 10 pounds with occasional lifting or carrying of articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. § 404.1567(a) (2015).

(Brief In Support Of Plaintiff's Motion For Summary Judgment, ("Plaintiff's Brief"), at 7-11.) In particular, Paxton argues that the ALJ's finding that she did not suffer from a severe mental impairment is not supported by substantial evidence, in that the ALJ improperly discredited the opinions of Paxton's treating physicians and her examining psychologist, Pamela Tessnear. (Plaintiff's Brief at 7-11.) Based on my review of the record and the ALJ's decision, I find that the ALJ, again, failed to properly analyze all of the psychological evidence of record and explain his weighing of it. I further find that the ALJ's decision that Paxton did not suffer from a severe mental impairment is not supported by substantial evidence.

The ALJ on remand did address most of the evidence regarding Paxton's alleged mental impairment. Oddly, however, the ALJ did not address this evidence in his analysis of whether Paxton suffered from a severe mental impairment. (R. at 582-86.) In this section of his opinion, the ALJ noted the evidence provided by Paxton's medical doctors of her mental health complaints of depressed mood, anxiety, post-traumatic reaction, panic attacks, difficulty sleeping, hyperventilation, stress and "emotional meltdown." Nonetheless, the ALJ found that Paxton did not suffer from a severe mental impairment. The only psychological evidence cited in support of the ALJ's finding on this issue were the opinions of the three state agency reviewing psychological consultants. (R. at 586.)

While the ALJ does address, and credit, the evidence offered by the psychological expert Gary Bennett, Ph.D., at the supplemental hearing, this analysis is done with regard to his consideration of whether Paxton's condition met

or equaled a listed impairment. (R. at 587.) The psychological evidence from the examining psychologist, Tessnear, is not addressed, and discredited, until the ALJ makes his finding with regard to Paxton's residual functional capacity. (R. at 587-89.) Thus, the ALJ's opinion, on its face, shows that he did not properly consider all of the psychological evidence with regard to his finding that Paxton did not suffer from a severe mental impairment. Furthermore, the ALJ stated that he was discrediting Tessnear's opinions because they were "contrary to the treatment records for the relevant period," and Tessnear did not examine Paxton until 2012. (R. at 589.) Based on my review of the record, the statement that Tessnear's opinions are "contrary to the treatment records for the relevant period" is not supported by the evidence. While it is true that the record does not contain any evidence from a treating mental health professional during the relevant period from December 2001 to December 2003, the record does contain evidence that Paxton's primary care physician treated her with medication for depression and anxiety beginning in February 2002. Paxton's treating neurologist, Dr. Earl K. Wilson, M.D., also documented mental health complaints, including difficulty sleeping, hyperventilation, depression and stress. (R. at 232-33.) While it is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein, *see Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975), the ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980).

In addition, the ALJ's opinion does not address the psychological evidence offered by Richard G. Salamone, Ph.D., a neuropsychologist who evaluated Paxton

-6-

in 2008. (R. at 793-96.) Salamone noted a long history of depression and anxiety, with occasional panic attacks. (R. at 793.) He noted that Paxton was taking Xanax as needed and had taken several antidepressants in the past. (R. at 793.) According to Salamone, Paxton suffered from a depressive disorder, not otherwise specified; and an anxiety disorder, not otherwise specified. (R. at 795.) Salamone recommended that Paxton again try taking Wellbutrin, and, if this did not work, he suggested she be referred to a psychiatrist. (R. at 796.) While Salamone did not express an opinion as to whether Paxton suffered from a severe mental impairment during the relevant period, his report supports, rather than contradicts, Tessnear's opinion.

For all of these reasons, I find that the ALJ's finding that Paxton did not suffer from a severe mental impairment during the relevant period is not supported by substantial evidence.

An appropriate Order and Judgment will be entered.

ENTERED: November 1, 2016.

*s/ Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE